Daniel E. Witte (UT 8576)
Pearson Butler & Carson PLLC
1802 W. South Jordan Pkwy, Suite 200
South Jordan, Utah 84095
Telephone: (801) 495-4104
Fax: (801) 254-9427
Email: dan@pearsonbutler.com
*Attorney for Petitioner Slim Ventures*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SLIM VENTURES, | |
| Petitioner, | **PETITION TO QUASH SUMMONS** |
| v. | Civil No. |
| UNITED STATES, INTERNAL REVENUE SERVICE, and TIMOTHY BAUER, Internal Revenue Agent (ID #0324589), in his Official Capacity, | **Hearing Requested** |
| Respondents. | |

Petitioner Slim Ventures ("Slim" or "Petitioner"), by and through counsel, hereby brings

this petition to quash summons against the Respondents United States, Internal Revenue Service,

and Internal Revenue Agent Timothy Bauer (ID # 0324589) (collectively, the "IRS") as follows:

1

## PARTIES

1.    Slim is a United States entity and taxpayer whose private financial information and records have been made the target of an overreaching IRS Summons (a true and correct copy of which is attached and incorporated as part of this Petition, hereinafter the "Summons") served upon third party Key Bank ("Key Bank" or "third party").

2.    The Internal Revenue Service is an agency of the United States, as directed by a Commissioner and as issuing the challenged IRS Summons at issue in this Petition through Internal Revenue Agent Timothy Bauer (ID # 0324589).

## JURISDICTION, VENUE, AND STATUTORY AUTHORITY TO QUASH

3.    Subject matter jurisdiction, other jurisdiction, venue, and basis for the claim seeking to quash is all proper in this Court, pursuant to, inter alia, 26 U.S.C. § 7609 (b)(2)(A) ("In general. Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons. … In any such proceeding, the Secretary may seek to compel compliance with the summons."); 26 U.S.C. § 7609 (d)(2) ("Restriction on examination of records. No examination of any records required to be produced under a summons to which notice is required under subsection (a) may be made — … (2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent

of the person beginning the proceeding to quash."); 26 U.S.C. § 7609 (h)(1) (emphasis added) ("Jurisdiction. — The United States district court for the district within which the person to be summoned *resides* or is *found* shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.").

    4.   The third party subjected to the summons now challenged to be quashed by this petitioner has a headquarters and/or a physical office physically located within district of this United States District Court and thus "is found" within said district and is subject to this Court's jurisdiction for resolution. *See, e.g., Cayman Nat. Bank, Ltd. v. United States,* 2007 WL 641176 *3 (M.D. Fla.)("this Court finds persuasive those cases that have addressed the issue and have required the actual physical presence of the summoned party within the district in order for the summoned party to be considered 'found' within the district"); *Williams v. United States,* 2005 WL 3105404 *2 (E.D. Tenn.) ("the statute contemplates subject matter jurisdiction based on something other than residence or use of the word 'found' would be redundant. A branch office indicates a significant presence within the district, and I conclude it is sufficient to support subject matter jurisdiction under 26 U.S.C. § 7609(h)(1)"); *Merritt v. Commissioner of Internal Revenue,* 1999 WL 1285459 * 1 (N.D. Cal.) ("A district court similarly has subject matter jurisdiction of a motion to enforce a summons directed to a third-party record keeper only if the third party 'resides or may be found within' the district. See 26 U.S.C. § 7402(b); 26 U.S.C. § 7604(b). … the Court

3

takes judicial notice of the fact that A.G. Edwards & Sons, Inc. maintains an office in the Northern District of California and therefore 'is found' within this district."); *United States v. Bossett,* 2001 WL 1692532 * 1 (M.D. Fla.) ("Accordingly, the United States District Court for the Middle District of Florida has jurisdiction over Respondent as his business address is [in the District]").

5.   To the extent, if any, that any third party targeted by a Summons sought to be quashed is ascertained not to "reside" or be "found" in the district of this Court, the Court should transfer the petition to another federal district where jurisdiction and venue is found to be proper, pursuant to 28 U.S.C. § 1406 (a) or other appropriate legal authority, and the Petitioner respectfully requests that in event of such finding the Court do so rather than dismiss. *See, e.g. MJW Salomon Juan Marcos Villarreal v. United States,* 2011 WL 4552545 * 1 n.1 (D. Colo.) (transferring rather than dismissing petition to quash due to third party's lack of presence in District of Colorado).

## ALLEGATIONS AND GROUNDS
## FOR REQUESTING THE SUMMONS BE QUASHED

6.   The Summons is challenged pursuant to the criteria set forth in governing statutes and caselaw, including, inter alia, *United States v. Powell,* 379 U.S. 48, 57-58 (1964) (summons must: (1) be issued for a legitimate purpose; (2) seek material relevant to that legitimate purpose; (3) seek material that is not already in the government's possession; and (4) satisfy all administrative steps required by the Code, collectively the four "*Powell* Requirements"), and also 26 U.S.C. § 7605(b) (no taxpayer "shall be subjected to unnecessary examination or investigations. …"), and other additional requirements and legal principles as set forth herein. As

4

explained throughout this filing and in the supporting declaration and exhibits, the challenged

Summons fails to satisfy all required legal requirements, and is properly under challenge in this

Court, and must therefore be quashed.

### *The Challenged Summons Fails The "Legitimate Purpose" Requirement*

7.   The IRS may not issue a summons "to harass the taxpayer or to put pressure on him to

settle a collateral dispute, or for any other purpose reflecting the good faith of the particular

investigation." *Powell,* 379 U.S. at 58; *United States v. Clarke,* 573 U.S. 248, 254-55 (2014).

However, this principle is violated here, as reflected by considerations, evidence, circumstances,

and circumstantial evidence as follows:

A.  The Petitioner either owes nothing, or only an insubstantial balance to the IRS, and the

Summons and pattern of summons issued is severely disproportionate in legal burden

and burden to business to any amount even asserted, if any, to be actually owed to the

IRS, and there is no reasonable indication of such.  *See also* 26 U.S.C. § 7602 (e) ("The

Secretary shall not use financial status or economic reality examination techniques to

determine the existence of unreported income of any taxpayer unless the Secretary has

a reasonable indication that there is a likelihood of such unreported income.").

B.  The Petitioner is unaware of anything he has done, or that any third party may have

been alleged to have done in coordination with Petition, which is improper, and the

Summons is part of a pattern of summons, which have the effect of impermissibly

frightening and chilling Petitioner's livelihood and network of business partners and customers. These business partners and customers are frightened away by the unjustified cloud created by the IRS and by the expense and hassle of having to comply with onerous Summons activity from the IRS in relation to individuals and entities who have not been accused of doing anything in actual violation of tax law, and Petitioner is not aware that the IRS has actually offered a specific or viable theory of anyone relevant to this petition actually doing anything in actual violation of tax law.

C. There is overlap between the considerations pertaining to the "Legitimate Purpose" requirement and the "Relevance Requirement, and Petitioner asserts all considerations, facts, facts and evidence pertaining to one requirement in relation to the other as well.

### *The Challenged Summons Fails The "Relevance" Requirement*

8.      When assessing relevance, "[t]he question […] is whether from what the Government already knows there exists the requisite nexus between the taxpayer and the records of another's affairs to make the investigation reasonable [or] an indication of a realistic expectation rather than an idle hope that something may be discovered." *United States v. Harrington,* 388 F.2d 520, 524 (2nd Cir. 1968); *Venn v. United States,* 400 F.2d 207, 212 (5th Cir. 1968); *Garpeg Ltd. v. United States,* 583 F.Supp. 789, 794 (S.D.N.Y. 1984).   The IRS must make a showing of relevance tying purposes, theories and requested records in a valid, connect-the-dot fashion for the burden to shift to the Petitioner and for a Summons to be valid.  *See United States*

6

*v. Goldman,* 637 F.2d 664, 667-68 (9th Cir. 1980); *United States v. Monumental Life Ins. Co.,* 440 F.3d 729, 726-37 (6th Cir. 2006) (quash due to failure to substantiate relevance and undue burden of records requested).

9.      Additionally, the IRS is not entitled to "*carte blanche* discovery"; a summons will not be enforced if "overbroad and disproportionate" to the investigation, or a mere "fishing expedition" through a taxpayer's records that "might" uncover something about someone. *United States v. Coopers & Lybrand*, 550 F.2d 615, 617, 619, 621 (10th Cir. 1977). "A summons will be deemed unreasonable and unenforceable if it is overbroad and disproportionate to the end sought. … The Government cannot go on a "fishing expedition" through appellants' records, . . . and where it appears that the purpose of the summons is 'a rambling exploration' of a third party's files, it will not be enforced. … '[t]his judicial protection against the sweeping or irrelevant order is particularly appropriate in matters where the demand for records is directed not to the taxpayer but to a third-party who may have had some dealing with the person under investigation.'" *United States v. Theodore,* 479 F.2d 749, 754 (4th Cir. 1973).

10.      "[T]he government should not, for the mere sake of its convenience, impose unnecessary burdens on a taxpayer in conducting an audit or investigation for tax liability, particularly where, as here, there is no indication of a purpose to escape any tax liability. The term 'relevant' connotes and encompasses more than 'convenience.' Consequently, . . . the government failed to sustain its burden of proof by alleging a general need for a 'road map.' If we were to

7

accede to the government's view, it is difficult to imagine corporate materials that might not contribute to a more comprehensive understanding of the workings of the corporation, and thus, according to the government, be deemed relevant to the tax investigation." *United States v. Matras,* 487 F.2d 1271, 1275 (8th 1973).

11.     In this instance, the IRS and the IRS Summons violate all the principles throughout the filing and the legal authorities cited, as reflected by considerations, evidence, circumstances, and circumstantial evidence as follows:

A.  The Petitioner either owes nothing, or at most only an insubstantial balance to the IRS, and the Summons and pattern of summons is severely disproportionate in legal burden and burden to business to any amount even asserted, if any, to be actually owed to the IRS.

B.  The Petitioner has done nothing improper, and to Petitioner's knowledge there is no concrete and specific allegation of wrongdoing regarding anyone else or anything that would be in actual violation of tax law, and the IRS Summons is simply a fishing expedition where the IRS is casting a dragnet to try to search for any hypothetical and unspecified wrong that might turn up regarding Petitioner or third parties who happen to have encountered Petitioner as part of a business network.

C.  The Summons is part of a pattern of Summons which have the burdensome and unfair effect of impermissibly frightening and chilling Petitioner's livelihood and network of

business partners and customers with no specified wrongdoing. These business partners

and customers are frightened away by the unjustified cloud created by the IRS and by

the expense and hassle of having to comply with onerous Summons activity from the

IRS in relation to individuals and entities who have not been accused of doing anything

wrong.

D.  The IRS has not made any showing or explanation that they have a legitimate purpose

associated with even evaluating or assessing any alleged act or omission by Petitioner

or any other relevant third party which is even allegedly illegal, in violation of any

provision of the Internal Revenue Code or its literature, unusual in the marketplace,

contrary to common legal opinion, or indicative of culpable mens rea in any way.  Nor

has there been any explanation or showing of any meaningful or legally cognizable

nexus or relevance as between what the IRS is seeking by way of its Summons and

anything it may (legitimately or illegitimately) purport to have a purpose to examine or

demonstrate.

E.  Notwithstanding all this, Petitioner has provided hundreds of pages of documentation

already to the IRS, and the IRS has not made any showing or explanation that it does

not already have the documentation it needs to make a determination or that it cannot

get any documentation it actually wants or needs from directly from Petitioner.

Instead, the IRS is now using a Summons effort to harass third parties by demanding

9

non-existent documents and demanding documents that have no discernable proper

purpose or plausible relevance to anything.  The effect is one of using a meritless

Summons campaign to stir up a cloud of fear, imposing needless burdens and costs

upon third parties, and trying to harm the business reputation of the Petitioner without

a legitimate purpose or need to do so.

### *Petitioner Is Entitled To "Proper Administrative Steps" With Regard To The Summons, Which Were Not Observed*

12. Petitioner is entitled to adequate third-party notice and have sufficient information and

opportunity of the Summons, supporting justifications, etc., to properly respond to the Summons

in Court, and not just cursory or vague provision of legal authority, *see e.g.* 26 U.S.C.

Sec. 7602(c)(1); *Jones vs. Flowers,* 547 U.S. 220, 226 (2006). The notice must be "reasonably

calculated, under all relevant circumstances, to apprise [the taxpayer] of the possibility that the

IRS may contact third parties[.]" Petitioner must have sufficient information and notice to allow

Petitioner "to respond with the relevant information themselves to maintain their privacy and to

avoid the potential embarrassment of IRS contact with third parties, such as their employers.*"*

*J.B. vs. United States,* 916 F.3d 1161, 1172-73 (9th Cir. 2019). Respondent did not comply with

these obligations, either in explaining legitimate, adequate, specific justification of purpose and

nexus, or in relation to allowing Petitioner an opportunity to provide any legitimately sought

information before using a Summons and summons campaign to unjustifiably harass and chill

innocent third parties, or various other details.

10

13. Petitioner's understanding is that there is no referral for any criminal investigation, nor any basis for even attempting to seek or obtain any such referral, and that all matters are in in the civil realm and not even remotely close to criminal treatment. If the facts were otherwise, the IRS would of course have a legal and ethical duty to disclose the same to Petitioner and the Court, and also to refrain from any use of civil summons, and the IRS should make such assurance as part of any effort to try to enforce the Summons.

## CLAIM ONE – QUASH SUMMONS
### by Petitioner Against IRS

14. Petitioner incorporates all previous and subsequent paragraphs of this filing herein, as if stated again in full in this Claim One.

15. For the reasons set forth throughout this filing, the challenged Summons should be quashed pursuant to governing statutes and case law, and the facts, circumstances, evidence, and content associated with the challenged Summons.

## PRAYER FOR REMEDIES

Petitioner incorporates all previous paragraphs of this filing herein, as if stated again in full, and requests as follows:

A.      That the challenged Summons be quashed;

B.      That if the challenged Summons cannot be immediately quashed, an evidentiary hearing be granted so that Petitioner can further justify the same;

11

C.    To the extent, if any, that any third party targeted by a Summons is sought to be quashed, the third party be found to reside or be found in the District of Utah for purposes of this Petition;

D.    In the alternative, that if the third party is ascertained not to "reside" or be "found" in the district of this Court, the Court should transfer the petition to another federal district where jurisdiction and venue is found to be proper, pursuant to 28 U.S.C. § 1406 (a) or other appropriate legal authority, and that in event of such finding the Court do so rather than dismiss;

E.    In the alternative, to the extent, if any, that any aspect of the Summons be deemed permissible, that the remained be quashed and enforcement be limited, and discovery allowed, only to the narrowly tailored extent of what meets the permissible criteria and does not constitute a "fishing expedition" or an "unreasonable and disproportionate", unduly "broad" and burdensome, "vague" and/or intrusive inquiry., and the IRS be disallowed from exceeding any protective limits on legitimate purpose that the Court may identify.  *See United States v. Richards,* 479 F. Supp. 828, 832-33 (E.D. Va. 1979); *United States v. Massengale, et al.,* 1980 WL 1519 * 1-3;

F.    That an *in camera* review of the IRS's internal agency file be conducted by the Court to ensure no improper purpose is associated with the records, such

as an attempt to misuse the Summons for criminal investigation purposes or to abuse the Summons for "fishing" purposes, and that any aspects of the Summons permitted are tailored to the scope of legitimate purposes as gauged by the contents of the IRS file *see United States v. Brooks*, 1976 WL 996, at 2-3 (D.S.C.);

G.        In the alternative, to the extent, if any, any records are ordered produced that the Court conduct an *in camera* review of the requested records prior to the IRS receiving them to ensure conformity with the criteria. *See David H. Tedder & Assoc., Inc. v. United States,* 77 F.3d 1166, 1170 (9th Cir. 1996); *Software Capital Holdings, Inc.,* 2008 WL 11470729 *12. (N.D. Ga.).;

H.        An order granting other and further relief as the Court deems appropriate.

DATED THIS 19 day of May, 2022.

/s/ Daniel E. Witte
    Daniel E. Witte
    *Attorney for Petitioner*

13

## VERIFICATION

I, David Michael Bishop, do hereby declare, state, and verify under penalty of perjury that I am over eighteen years of age; that I have personal knowledge of the facts of this pleading; that I have carefully read this verified complaint; and that the facts contained therein are verified and declared true and correct to the best of my knowledge.

Dated this 19 day of May, 2022.

*/s/ David Michael Bishop*
*(Electronically Signed By Permission)*
David Michael Bishop

14

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Court, and copies of the Petition and Summons delivered or sent to, inter alia, the following, pursuant to, inter alia, F.R.C.P. 4(i) (1)(A-C), 31 C.F.R. § 10.63 (c), and 28 C.F.R. § 0.77(j):

Delivered by process server a copy of the summons and petition to the United States attorney for the federal district (District of Utah) where the action is brought:

Valerie Maxwell
U.S. Attorneys Office for the District of Utah
111 S. Main, Ste 1800
Salt Lake City, Utah
84111
(801) 524-5682

Sent a copy of the summons and petition by certified mail to:

Attorney General of the United States at Washington, D.C.:

Lee J. Lofthus
Assistant Attorney General for Administration
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
(202) 514-3101

and

Sent a copy of the summons and petition by certified mail to:

Internal Revenue Agent Timothy Bauer (ID # 0324589)
Internal Revenue Service
110 North City Parkway
Las Vegas, Nevada
89106
(702) 868-5312

/s/ Emily Nackos
Emily Nackos

15