Daniel E. Witte (UT 8576)
Pearson Butler & Carson PLLC
1802 W. South Jordan Pkwy, Suite 200
South Jordan, Utah 84095
Telephone: (801) 495-4104
Fax: (801) 254-9427
Email: dan@pearsonbutler.com
*Attorney for Petitioner*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SLIM VENTURE,<br><br>       Petitioner,<br><br>v.<br><br>UNITED STATES, INTERNAL REVENUE SERVICE, and TIMOTHY BAURER, Internal Revenue Agent (ID #0324589), in his Official Capacity,<br><br>       Respondents. | **DECLARATION OF DAVID MICHAEL BISHOP** |

I, David Michael Bishop ("I", "Bishop", or "my"), hereby declares as follows:

    1.    Bishop is over eighteen years of age and has personal knowledge of the facts stated herein and is in all respects competent to make this declaration.

    2.    In making this declaration, Bishop does not mean to provide a comprehensive account of all facts or knowledge he may have about any point, issue, or event described, but instead intends only to provide very limited information concerning very specific topics which, according to his understanding, the Court is actually interested to know given the current procedural posture and applicable law at this juncture of the proceeding and prior to the Internal Revenue Service, as an agency of the United States, and as directed by a Commissioner, and acting

through Internal Revenue Agent Timothy Bauer (ID # 0324589) (collectively, all are the "IRS") setting forth any prima facia justification the IRS might purport to have in support of the challenged Summons. Bishop and the named Petitioner reserve the right to introduce further declarations and exhibits, including among other things in rebuttal, some actual and specific information is available from the IRS about whether the IRS has purported to set forth a prima facia justification for the challenged Subpoena, and if so, in what way, and on what rationale or theory, and through what means, and by what purported facts or evidence.

3. Bishop is a United States citizen and taxpayer whose private financial information and records have been made the target of an overreaching IRS Summons (a true and correct copy of which is attached, incorporated, and filed along with this Declaration, hereinafter the "Summons") served upon third party stated therein, as well as a collection of various other inappropriate and unfounded summons.

4. Bishop is a non-member, non-owner Manager of Slim Ventures. Bishop resides in Utah, and Slim Ventures is an entity headquartered and operating in Utah with both a physical presence and live human beings located in Utah.

5. The Internal Revenue Service, as an agency of the United States, and as directed by a Commissioner, has issued the challenged IRS Summons at issue in the accompanying Petition through Internal Revenue Agent Timothy Bauer (ID # 0324589).

6. This declaration has been filed less than twenty days from the date of the challenged IRS Summons and less than 20 days from when Bishop and his legal representatives first received it.

7. As reflected by the accompanying exhibits which are true and correct copies of the internet and other documents they purport to be, the third party targeted by the challenged IRS

Summons is found in, and has at least one physical office and human representative in, the State of Utah. Indeed, this is true not only of the third party targeted by the challenged IRS Summons, but of the entire collection of business entities targeted with the IRS harassment campaign of impermissible summons: Zions Bancorporation NA, which has numerous banks, offices, and copies of records found throughout Utah; Wells Fargo Bank N.A., which has numerous banks, offices, and copies of records found throughout Utah; Key Bank, which has numerous banks, offices, and copies of records found throughout Utah. As for "Summit Crest Finacial, LLC" [sic], I am aware of no entity with that name in either Florida or Utah, although I suspect perhaps there is an effort being made to reference an entity that is really found in Utah or at least may potentially be found in Utah instead of or in addition to Florida; to the extent that the suspected entity or any other entity is referenced, however, my declaration observations would all apply no matter what even if or when any such entity should eventually be properly noticed as required for the IRS to proceed further with a valid summons.

8. Bishop's understanding is that the challenged Summons must (1) be issued for a legitimate purpose; (2) seek material relevant to that legitimate purpose; (3) seek material that is not already in the government's possession; and (4) satisfy all administrative steps required by the Code, and that no taxpayer shall be subjected to unnecessary examination or investigations. Bishop currently has no information which causes Bishop to believe that the IRS is complying with these requirements, and indeed Bishop is aware of various indications, facts, information, and evidence to the contrary.

9. Bishop's understanding is that the IRS may not issue a summons to harass the Petitioner or to put pressure on Petitioner to settle a collateral dispute, or for any other improper or inadequate purposes. Bishop currently has no information which causes Bishop to believe that

the IRS is complying with these requirements, and indeed Bishop is aware of various indications, facts, information, and evidence to the contrary.

10. The Petitioner either owes nothing, or only an insubstantial balance to the IRS, and the Summons and pattern of summons issued is severely disproportionate in legal burden and burden to business to any amount even asserted, if any, to be actually owed to the IRS, and there is no reasonable indication of such.

11. Notwithstanding the absence of any reasonable indication that there is a likelihood of unreported income by the Petitioner or any other relevant person or entity, or any indication of a purpose to improperly escape any legitimate tax liability, the IRS is nonetheless using financial status or economic reality examination techniques to determine the existence of unreported income on the part of someone, somewhere, anywhere.

12. Bishop and Petitioner are unaware of anything done by the aforesaid, or that any third party may have been alleged to have done anything in coordination with the aforesaid, which is improper, and the Summons is part of a pattern of summons, which have the effect of impermissibly frightening and chilling Petitioner's livelihood and network of business partners and customers. These business partners and customers are frightened away by the unjustified cloud created by the IRS and by the expense and hassle of having to comply with onerous Summons activity from the IRS in relation to individuals and entities who have not been accused of doing anything in actual violation of tax law, and Bishop is not aware that the IRS has actually offered a specific or viable theory of anyone relevant to this petition actually doing anything in actual violation of tax law or even anything that is uncommon in the mainstream business and taxpayer community.

13. The IRS has already been made aware by Bishop that there is no requisite nexus between the Petitioner and the Summoned records and documents of the third party as would be needed to make the IRS investigation reasonable, nor is there an indication of a realistic expectation by the IRS rather than an idle hope that something may be discovered. When confronted with this by Petitioner's legal counsel, and when queried, and even after already receiving hundreds of documents from Petitioner, the IRS has shown no sign or indication of being capable of making a showing or explanation of relevance tying purposes, theories and requested records in a valid, connect-the-dot fashion. The IRS just keeps making unending, ever-expanding, carte blanche, over-broad, irrelevant, sweeping demands, including now on third parties, without any apparent ability or awareness of responsibility to substantiate relevance, proportionality, and justifiable burden as to the records and documents requested. The IRS is engaged in a blatant fishing expedition and rambling exploration for records. The IRS is simply casting a dragnet to try to search for any hypothetical and unspecified wrong that might turn up regarding Petitioner or third parties who happen to have encountered Petitioner as part of a business network.

14. The IRS has already been made aware by Bishop that the IRS has not made any showing or explanation that they have a legitimate purpose associated with even evaluating or assessing any alleged act or omission by Petitioner or any other relevant third party which is even allegedly illegal, in violation of any provision of the Internal Revenue Code or its literature, unusual in the marketplace, contrary to common legal opinion, or indicative of culpable mens rea in any way. Nor has there been any explanation or showing of any meaningful or legally cognizable nexus or relevance as between what the IRS is seeking by way of its Summons and anything it may (legitimately or illegitimately) purport to have a purpose to examine or demonstrate.

15. Notwithstanding all this, Petitioner has provided hundreds of pages of documentation already to the IRS, and the IRS has not made any showing or explanation that it does not already have the documentation it needs to make a determination or that it cannot get any documentation it actually wants or needs from directly from Petitioner. Instead, the IRS is now using a Summons effort to harass third parties by demanding non-existent documents and demanding documents that have no discernable proper purpose or plausible relevance to anything. The effect is one of using a meritless summons campaign to stir up a cloud of fear, imposing needless burdens and costs upon third parties, and trying to harm the business reputation of the Petitioner without a legitimate purpose or need to do so.

16. Petitioner has not received sufficient information and opportunity in relation to the Summons to even know the supporting justifications, etc., as needed to properly respond to the Summons in Court, and has received nothing more than cursory and vague exposition of legal authority from the IRS. The Petitioner has not received information and notice sufficient to allow Petitioner to respond with the relevant information themselves to maintain their privacy and to avoid the potential embarrassment of IRS contact with third parties. The IRS refuses to comply with these obligations, either in relation to a explaining legitimate, adequate, specific justification of purpose and nexus, or in relation to allowing Petitioner an opportunity to provide any legitimately sought information before using a Summons and summons campaign to unjustifiably harass and chill innocent third parties, or various other details.

17. Petitioner is suffering considerable and unfair negative economic, business, and legal consequences as a result of the harassment and summons campaign directed by the IRS at Petitioner and Petitioner's network of business entities and contacts.

\* \* \* \* \* \* **Intentionally Left Blank** \* \* \* \* \* \*